JOHN S. KEDROVSKY, Individually and on Behalf of All Others Similarly Situated, Who May Come in and Contribute to the Expense of This Action, Respondent, *v.* ARCHBISHOP AND CONSISTORY OF THE RUSSIAN ORTHODOX GREEK CATHOLIC CHURCH, Alleged Corporation, and Others, Defendants.

EUGENE L. KRYZANOVSKY, Appellant.

First Department, November 5, 1926.

Religious corporations — action in relation to control of property of church — appellant is rector of separate church corporation which holds title to its property — error in order vacating receivership to direct appellant to turn said property over to plaintiff — plaintiff never had any right to said property — appellant never had notice of proceedings — appellant cannot be deprived in this action of right to officiate and to emoluments of office.

In an action in relation to church property arising out of a dispute between rival dignataries of the Russian Orthodox Greek Catholic Church, it was error, in an order vacating the receivership of the property, to direct that the rector · of a separate church corporation which holds title to its own property, surrender the property of the church to the plaintiff, for the rector never had any notice of the motion, and furthermore, the receiver was never in possession of the church or the rector's residence, and there is no allegation that the title to this property is in the plaintiff.

The rector cannot be deprived of the property which he claims is his benefice, his right to officiate as rector or pastor of the church, with its incidents of residence, stipend and other emoluments, without opportunity to present his claims.

APPEAL by Eugene L. Kryzanovsky from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of July, 1926, in so far as it denies his motion to vacate paragraph 3 of a prior order directing him to surrender certain property.

*George Zabriskie* of counsel, for the appellant.

*Ralph M. Frink* of counsel, for the respondent.

McAVOY, J. This separate appeal was taken by a person not a party to the action, who was required, without notice to him, to surrender to plaintiff possession of No. 347 East Fourteenth street, which it is alleged is a separate parish of the Russian Orthodox Greek Catholic Church. This separate parish was incorporated in April last and it is asserted that the title then passed to the religious corporation then formed. The pastor, who is the appellant here and who came into this suit by motion to vacate that portion of the order which refers to his parish church, has been rector since 1919, and is now one of the trustees. Neither he, nor the religious corporation, nor the church, nor the congregation, nor any one representing them was a party to the suit or had any notice of the motion upon which the order making the aforesaid direction was made. The receiver has never had possession of the church or of the rector's residence, and the rector has never occupied the premises " under or by permission of the receiver." The title, it is asserted by the appellant, is vested in the religious corporation. There is nowhere any allegation that the title to this property is in the plaintiff Kedrovsky. He does not allege it nor does his complaint demand a conveyance of the property to him but to a religious body called the Archbishop and Consistory Corporation.

There is nothing, therefore, in the papers warranting the order requiring the appellant, the rector of the parish church at 347 East Fourteenth street, to surrender the property to plaintiff.

As the appellant asserts, we hold that he cannot be deprived of the property which he claims is his benefice, his right to officiate as rector or pastor of the Church of the Assumption, with its incidents of residence, stipend, and whatever other emoluments may attach to it, without opportunity to present his claims as issues and support them by proof.

The order so far as appealed from denying the motion to vacate the order with respect to the church property at 347 East Four-

teenth street should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, and the 3d paragraph of the principal order made May 3, 1926, should be struck out.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.